IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JONNIE H. WHITE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:10-CV-70
CRIM. NO. 2:05-CR-174
JUDGE ALGENON L. MARBLEY
Magistrate Judge E.A. PRESTON DEAVERS

## OPINION AND ORDER

On October 26, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. Petitioner has filed objections and a memorandum in support. (Docs. 159, 164). He has also filed a motion to supplement his objections (Doc. 163), which is **GRANTED**.

For the reasons that follow, Petitioner's objections to the Magistrate Judge's recommendation of dismissal of habeas corpus claims two through ten are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED** in regard to these claims, which claims are hereby **DISMISSED**.

Petitioner's objections and supplemental objections to the Magistrate Judge's recommendation of dismissal of claim one without an evidentiary hearing, in which he asserts he was denied effective assistance of counsel because his attorney failed to negotiate a guilty plea and improperly advised him to proceed to trial instead of accepting the prosecutor's offer are **SUSTAINED**. Counsel shall be appointed on Petitioner's behalf to represent him at an evidentiary hearing before the Magistrate Judge on this claim.

In this habeas corpus petition, Petitioner asserts he was denied effective assistance of counsel

because his attorney failed effectively to negotiate a plea agreement (claim one); failed to call as a defense witness Officer John Perry (claim two); failed to move for judgment of acquittal (claim three); failed to make an opening statement (claim four); agreed prosecution witnesses could not testify because their testimony was based on information they obtained from Petitioner while he was incarcerated (claim five); failed to present a defense (claim seven); failed to object to alleged prosecutorial misconduct (claim eight); failed to investigate (claim ten); that he was denied effective assistance of appellate counsel because his attorney failed to raise on appeal a claim that Petitioner was improperly sentenced (claim six); and that he was denied a fair trial based on cumulative error (claim nine). On October 26, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that all of Petitioner's claims be dismissed on the merits.

Petitioner objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments he previously presented. Specifically, Petitioner objects to the Magistrate Judge's recommendation of dismissal on the merits of habeas corpus claims two through ten. Petitioner again contends his attorney performed in a constitutionally unreasonable manner by calling Captain John Perry as a defense witness because Perry testified he had been reinstated with back pay after being fired from the Sheriff's Office for "dishonesty, neglect of duty, misfeasance, nonfeasance, failure to maintain good behavior and failure to responsibly perform duties," *Trial Transcript*, at 392. In view of Perry's reinstatement, Petitioner argues that Perry merely bolstered the prosecution's case against him. Likewise, Petitioner complains that his attorney failed to move for judgment of acquittal based on the government's failure to establish venue and failed to make an opening statement. Petitioner argues opening statement was required to alert the jury to his theory of defense, *i.e.*, that Captain Perry was a "corrupt cop" who had planted the drugs found in the charcoal grill on

2

the back porch of Petitioner's mobile home. *Objections*, at 12, Doc. 159. Petitioner contends defense counsel should not have precluded testimony that Dujuan Alexander was incarcerated with Petitioner at the time Petitioner allegedly made incriminating statements to Alexander regarding the charges at issue, to support the defense argument that Alexander was a "jailhouse snitch" whose testimony was fabricated. *Id.* at 14. Petitioner again argues at length that his attorney's failure to call unidentified defense witnesses reflects that his attorney failed to conduct pre-trial investigation. Finally, he argues that his attorney should have objected to testimony by prosecution witnesses regarding criminal conduct prior to the dates of the conspiracy charged, constituting a variance in the indictment. *Id.* at 16.

None of these arguments are persuasive. As discussed by the Magistrate Judge, the record reflects counsel's strategic decision to call Captain Perry as a defense witness constituted a reasonable trial strategy that did not amount to ineffective assistance under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Similarly, defense counsel's decision to waive opening statement was a trial tactic that did not deprive Petitioner of constitutionally effective assistance of counsel. As to counsel's failure to move for judgment of acquittal regarding venue, the geographical location of the alleged crimes charged was subject to judicial notice, whether or not requested by the parties. Rule 201, Federal Rules of Evidence. Defense counsel cross examined all prosecution witnesses regarding their motives for testifying against Petitioner and their criminal past, such that Petitioner cannot establish prejudice, as that term is defined under *Strickland*, because the jury did not hear that a prosecution witness was incarcerated with Petitioner when Petitioner made allegedly incriminating statements. He likewise has failed to establish ineffective assistance based on his attorney's failure to object to testimony regarding acts that occurred prior to the dates of the

conspiracy charged, as the record reflects such testimony was admissible. For these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections to the Magistrate Judge's recommendation of dismissal on the merits of habeas corpus claims two through ten are **OVERRULED**.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal on the merits of habeas corpus claim one, wherein he asserts he was denied effective assistance of counsel because of his attorney's performance during the plea negotiation stage. Petitioner states that he would have pleaded guilty, as reflected by the two court appearances at which he attempted to enter a guilty plea. He maintains that he did not plead guilty because his attorney failed properly to advise him of the unlikelihood of obtaining an acquittal in view of overwhelming evidence of guilt, the potential sentencing ramifications he faced, and that he could contest the amount of drugs being attributed to him and appeal any adverse decision against him. Petitioner contends that his attorney failed to advise him of the benefits and detriments of proceeding to trial, as opposed to accepting the guilty plea offer. He asserts that he asked his third attorney to contact the government to have the second plea offer reinstated, but his attorney advised him he had a good case. As a result of counsel's inadequate performance, Petitioner asserts he was sentenced to a significantly longer term of incarceration than he would have been, had he accepted the guilty plea offer.

Petitioner has set forth a substantive ground for relief, the resolution of which necessarily will require a determination between competing factual assertions. *See Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985)(defendants have a constitutional right to effective assistance of counsel during plea negotiations). In *Lafler v. Cooper*, – U.S. –, 132 S.Ct. 1376, 1389 (2012), in discussing the remedy for a defendant raising the same claim raised herein, the United States Supreme Court recognized

4

the necessity of an evidentiary hearing for determining whether a defendant can establish that, but for his attorney's inadequate advice, he would have accepted the guilty plea. The Supreme Court concluded that an evidentiary hearing may be advisable

> to determine whether the defendant has shown a reasonable probability that but for counsel's errors he would have accepted the plea. If the showing is made, the court may exercise discretion in determining whether the defendant should receive the term of imprisonment the government offered in the plea, the sentence he received at trial, or something in between.

*Id. See also Missouri v. Frye*, – U.S. –. 132 S.Ct. 1399, 1407 (2012)(plea negotiations stage constitutes a critical stage at which the defendant is entitled to effective assistance of counsel). Therefore, Petitioner's objections to the recommendation of dismissal of habeas corpus claim one are **SUSTAINED.**

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's objections to the recommendation of dismissal of habeas corpus claims two through nine are **OVERRULED.** These claims are hereby **DISMISSED.**

Petitioner's objection to the recommendation of dismissal of habeas corpus claim one without an evidentiary hearing is **SUSTAINED.** Counsel shall be appointed on Petitioner's behalf to represent him at an evidentiary hearing before the Magistrate Judge on his claim that he was denied effective assistance of counsel during plea negotiations.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE